Mrs. Ina HEMMING, Cliff W. Hemming, Jr., Julia Ann Hemming, and Mrs. Alana Maude Hemming (Wuestefeld), Plaintiffs-Appellants,

v.

MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK, Defendant-Appellee.

No. 28567

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

Thomas Y. Minniece, Howard Pigford, Meridian, Miss., for plaintiffs-appellants.

David Williams, Meridian, Miss., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526, Part I; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

In this diversity action the appellants, named as beneficiaries in a certificate issued in connection with a group life insurance policy written by the appellee, sued on the policy, seeking a recovery in the face amount of $25,000.00 or in alternative lesser amounts. The principal question was whether the decedent was covered within the meaning of the relevant clauses of the group policy. The appellee interposed two defenses: (1) that the decedent did not receive the minimum "base annual compensation" required by the policy, and (2) that the decedent was not, at the relevant times, "actively at work performing all of the duties of his employment" as re-

quired by the policy. We have read, examined, and considered the record and the opinion of the trial court, and we are convinced that the court's findings of fact in support of the appellee's two defenses are not clearly erroneous.

 Appellants would escape these findings, however, and find a haven in estoppel or waiver through the acts of agents said to represent the appellee. This argument is unavailing because the appellants seek thereby to extend the coverage of the policy sued upon. In Mississippi, as in other jurisdictions, the scope of coverage of an insurance policy cannot be extended by waiver or estoppel. Frank Gardner Hardware & Supply Co. v. St. Paul Fire & Marine Ins. Co., 1963, 245 Miss. 320, 148 So.2d 190; see Woodruff v. Southeastern Fire Ins. Co., 5 Cir. 1970, 426 F.2d 555; 16A Appleman, Insurance Law and Practice § 9090 (1968).

Finally, we find no merit in the appellants' contention that they can look to the appellee for refund of premiums.

The judgment of the district court is affirmed.